# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, PANAMA CITY DIVISION

ROBERT MICHAEL ARDIS, )
)
    Plaintiff, )
)    CASE NUMBER:
)
vs. )
)    3:17 cv 115-mcr-CJK
)
U.S. BANK NATIONAL ASSOCIATION, )
)
)
    Defendant, )
)
)
_____ )

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to *28 U.S.C. §§ 1441* and *1446*,

Plaintiff ROBERT MICHAEL ARDIS, hereby files this *Notice of Removal*, of

**Case 2012 CA 000452**, from the Circuit Court, in and for Escambia County,

Florida. The Plaintiff (Defendant in the lower tribunal) hereby provides this *Notice*

*of Removal* to the United States District Court, for the Northern District of Florida,

Panama City Division. The grounds for removal are as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff, ROBERT MICHAEL ARDIS, appearing on his own behalf, *pro se*,

brings this action on the behalf of himself. He respectfully comes before this

Honorable Court, in the instant cause, as a *pro se* litigant, Plaintiff relied on *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), where the Court stated that;

> "A *pro se* litigant's pleadings are to be construed liberally and to a less stringent standard than formal pleadings drafted by lawyers...If a Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so despite the Plaintiff's failure to site proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements" (Citation Omitted)." See also *Riley v. Greene*, 149 F. Supp. 2d 1256 (D. Colo. 2001)

2.    Please also see *Erickson v. Pardus* 551 U.S. 89, 127 S. Ct. 2197 U.S., 2007,

in which the United States Supreme Court held as follows:

> See *Erickson v. Pardus* 551 U.S. 89, 127 S. Ct. 2197 U.S., 2007.A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less ringent standards than formal pleadings drafted by lawyers. Pleadings in this case are being filed by the Petitioner *in propria persona*, wherein pleadings are to be considered without regard to technicalities. *Propria* pleadings are not to be held to the same high standards of perfection as practicing lawyers. See *Haines v. Kerner* 92 S. Ct. 594, also See *Powell v. Lennon*, 914 F2d 1459 (11th Cir 1990).

3.    The Plaintiff also advises the Court that he currently has **Appeal 16-16790-DD,** pending before the United States Court of Appeals, for the Eleventh Circuit, concerning the Escambia County, Florida Circuit Court, the Office of the State Attorney of the First Judicial Circuit, and others, to be cited in greater detail in the Plaintiff's forthcoming ***Memorandum of Law***, in support of this ***Notice of Removal***. The Plaintiff missed a deadline in the aforementioned Appeal, and has been informed by the Clerk of the Eleventh Circuit, that he must file his ***Initial Brief,*** along with a ***Motion to File Initial Brief Out of Time,*** and then said ***Initial***

*Brief* will be accepted and reviewed by the Appeals Court. The Plaintiff hopes to have such an Initial Brief and Motion filed before the end of March 2017.

## LEGAL STANDARD

4.     "A defendant's right to remove an action against it from State to Federal Court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'" *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3721, at 285-86 (3d ed. 1998)).

5.     "A removing defendant bears the burden of proving proper Federal Jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). The Plaintiff respectfully seeks the Leave of the Court, to **GRANT** the Plaintiff a sufficient amount of time in which to supplement this *Notice of Removal* with a *Memorandum of Law*. The Plaintiff seeks an Order from this Court, setting a time frame and date as to when the undersigned's *Memorandum of Law* will be due.

6.     Federal Courts have subject-matter jurisdiction when diversity of citizenship exists between the parties or the controversy involves a question of Federal Law. See *28 U.S.C. §§ 1331- 1332*. The Plaintiff respectfully avers that the

—3—

instant case does involve a question of Federal Law, that the Plaintiff will support in his forthcoming *Memorandum of Law*.

7.      In addition to subject-matter jurisdiction, this Court may hear the case if there is Diversity Jurisdiction. Diversity Jurisdiction is found when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; see also *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994) (diversity jurisdiction requires complete diversity); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement.").

8.      The Plaintiff avers that Diversity Jurisdiction is present in the instant case in that the Defendant is domiciled in the States of Kentucky, Missouri, and Florida, among other sovereign States. Additionally, the Plaintiff, ROBERT MICHAEL ARDIS, is a citizen of, and maintains residences in the States of South Carolina and Florida. Therefore, for these, and other reasons to be cited in his forthcoming *Memorandum of Law*, the Plaintiff avers that Diversity Jurisdiction is met.

9.      In the instant case, the Plaintiff believes that the Defendant will aver that the Plaintiff's Removal is untimely. *Title 28 U.S.C. § 1446* prescribes certain temporal limitations on Removal. *Section 1446(b)(1)* provides that a *Notice of Removal*

—4—

shall generally be filed within thirty days after the defendant receives a copy of the initial pleading or service of summons. ***However, § 1446(b)(3)*** creates an exception to the thirty-day limit, as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable. **(emphasis and underline added)**

***28 U.S.C. § 1446(b)(3).*** Moreover, in actions removed on the basis of diversity, ***§ 1446(c)(3)(A)*** states that:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "*other paper*" under subsection (b)(3).

10.    On January 7, 2017, the Defendant (Plaintiff in the lower Court), filed an "*other paper*" which was not received by the Plaintiff (Defendant in the lower Court), until January 12, 2017, which the Plaintiff submits and construes as such "*other paper*" which warrants and meets the requirements of the Federal Removal Statute. Given that such "*other paper*" was received and reviewed by the Plaintiff (Defendant below) on January 12, 2017, along with the five additional days (the Mailbox Rule), makes this February 14, 2017, ***Notice of Removal*** timely.

11.    The Plaintiff respectfully seeks **Leave of the Court** to supplement this

—5—

*Notice of Removal*, with a detailed *Memorandum of Law*, in support of his averments related to Removal.

## THE REMOVED CASE

12.    The removed case is a civil action filed in February of 2012, in the Circuit Court in and for Escambia County, Florida, assigned **Case Number 2012 CA 000452**, and captioned, U.S. BANK NATIONAL ASSOCIATION vs. ROBERT MICHAEL ARDIS.

13.    The removed case has been <u>replete with violations of the Statutory Law, the Rules of Court, and other controlling authorities,</u> which have served to violate the Rights of the Plaintiff, with the complicity of the current Judge in the lower tribunal. In support of his positions in this regard, the Plaintiff submits, as **Exhibit A,** his *Emergency Verified Complaint*, filed against the Defendant (the Plaintiff below), and the Judge in the lower tribunal. Said case was filed in the Fifth Judicial Circuit of Florida, in and for Lake County, Florida. The Plaintiff is submitting **Exhibit A,** <u>minus</u> its numerous **Exhibits**. The Plaintiff informs the Court that he can and will provide the Court with said **Exhibits** in support of Removal, if the Court determines it needs to review said **Exhibits**.

## PAPERS FROM REMOVED ACTION

14.    As required by *28 U.S.C. § 1446(a)* and *Local Rule 4.02*, the Plaintiff attempted to obtain copies of all Pleadings, Filings, Orders, etc., from the State Case. The Plaintiff filed a valid Public Records Request pursuant to *Florida Statutes § 119,* and *Florida Statutes § 57.081.* The Plaintiff, in anticipation of this *Notice of Removal*, made such a Public Records Request on Thursday, February 2, 2017.

15.    In keeping with the issues in **Appeal 16-16790-DD,** pending before the United States Court of Appeals, for the Eleventh Circuit, the Escambia County, Florida, Clerk of Court, and her General Counsel, have refused to comply with *Florida Statutes § 119,* and *Florida Statutes § 57.081.* As a result of the refusal of the Escambia County, Florida Clerk of Court, and her General Counsel, to comply with the law, the Plaintiff has filed a *Petition for Writ of Mandamus*, with the Circuit Court, seeking to force the Clerk of Court, and her General Counsel, to comply with the written law.

16.    The Plaintiff's *Petition for Writ of Mandamus*, directed to the Escambia County, Florida, Clerk of Court, and her General Counsel, are attached hereto as **Exhibit B.** As a result of the refusal of the Clerk and her General Counsel, to comply with *Florida Statutes § 119,* and *Florida Statutes § 57.081,* the Plaintiff is

—7—

unable, at this time, to provide all the documents in the lower tribunal case.

17.    The Plaintiff has requested an Accelerated Hearing, regarding **Exhibit B**, his *Petition for Writ of Mandamus*. On Tuesday, February 14, 2017, the Plaintiff received the attached **Exhibit C**, the Court's **Order on Emergency Consideration**, regarding the undersigned's *Petition for Writ of Mandamus*.

18.    The Plaintiff respectfully informs the Court, based upon what is contained in **Exhibit C,** that the Court has determined that Plaintiff's *Petition for Writ of Mandamus* is "*sufficient on its face*" and is scheduled to be heard by the Court on Monday, February 20, 2017, at 9:30 a.m.

19.    Due to such actions by the Clerk and her General Counsel, the Plaintiff seeks an Extension of Time, in which to have the Hearing, in the *Petition for Writ of Mandamus*, in an effort to have the Circuit Court Order the Clerk, and her General Counsel, to provide the requested documents pursuant to *Florida Statutes § 119,* and *Florida Statutes § 57.081.* The Plaintiff is optimistic that, following said Hearing, that he will be able to comply and provide this Court with the documents from the case below.

20.    The Plaintiff submits, that, with an appropriate Extension of Time, **GRANTED** by this Court, that he will be able to comply with Rule 4.02, which reads as follows:

**RULE 4.02    REMOVAL OF CASES FROM STATE COURT**

(a) All cases removed to this Court from the courts of the State of Florida shall be docketed and assigned, in accordance with Rule 1.03 of these rules, in the Division encompassing the county of the State in which the case was pending.

(b) The party effecting removal shall file with the notice of removal a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, then on file in the state court.

(c) When a case is removed to this Court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a supporting brief within fourteen (14) days after the removal in accordance with Rule 3.01(a) of these rules, and the party or parties opposing the motion shall then comply with Rule 3.01(b) of these rules.

21.    Pursuant to *28 U.S.C. § 1446(a)* and *Local Rule 4.02, Local Rules for the United States District Court for the Northern District of Florida,* the Plaintiff hereby attests that he will provide copies of all process, pleading, orders, and other papers or exhibits filed in the State Court, as soon as he is able to make his arguments, to the Court below, at the February 20, 2017, Hearing on his *Petition for Writ of Mandamus*. For such reasons, the Plaintiff respectfully seeks the understanding of the Court and that the Court **GRANTS** the Plaintiff an Extension of Time, in which to provide the pleadings, documents and orders, from the proceedings below.

## THE REMOVAL IS TIMELY

22.    The Plaintiff (the undersigned), is a *pro se* litigant.[1] As such he must conduct

his own legal research, without the benefit of legal counsel. The Plaintiff (the

undersigned), through his own toil and legal research, just discovered *§ 1446(b)(3)*

which creates an exception to the thirty-day limit, as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of
> removal may be filed within 30 days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion,
> order or **_other paper_** from which it may first be ascertained that the case is
> one which is or has become removable. **(emphasis and underline added)**

23.    The Removal Doctrine is properly applied in the instant case. Therefore, this

*Notice of Removal*, is timely, as it relates to the facts, and law, of the instant case.

## THE VENUE REQUIREMENT IS MET

24.    Venue for this *Notice of Removal* is proper under *28 U.S.C. §§ 1441(a)* in

the Northern District of Florida, Panama City Division, because the Circuit Court

---

[1] See *Erickson v. Pardus* 551 U.S. 89, 127 S. Ct. 2197 U.S., 2007.A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less ringent standards than formal pleadings drafted by lawyers. Pleadings in this case are being filed by the Petitioner *in propria persona*, wherein pleadings are to be considered without regard to technicalities. *Propria* pleadings are not to be held to the same high standards of perfection as practicing lawyers. See *Haines v. Kerner* 92 S. Ct. 594, also See *Powell v. Lennon,* 914 F2d 1459 (11th Cir 1990).

of Escambia County, Florida is within the Northern District of Florida, and the

Defendant, U.S. Bank operates and conducts affairs in the Northern District of

Florida, Panama City Division.

25.    Additionally, based upon the interests of justice, and the pending matter of

the Appeal before the U.S. Circuit Court of Appeals, of the Eleventh Circuit, in

**Appeal 16-16790-DD**, the Plaintiff respectfully avers that the proper Venue, for

this Removal Action, is the United States District Court, for the Northern District

of Florida, Panama City Division. The Plaintiff will further support his positions,

in this regard, in his *Memorandum of Law*.

26.    Based upon the foregoing the Plaintiff avers that the Venue Requirement is

properly before the United States District Court of the Northern District of Florida,

Panama City Division.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PARTIES IN COMPLAINT, ANSWERS, AND CROSS-COMPLAINT

**THE PARTIES**

27.  The Plaintiff below, U.S. BANK NATIONAL ASSOCIATION, is a

corporation headquartered at both 4801 Frederica St, Owensboro, KY 42301, and

1312 Carr Ln Ave, St. Louis, MO 63104, among other domiciled addresses in

—11—

other States.

28.   The Defendant below, ROBERT MICHAEL ARDIS, is an individual residing within this Judicial District, and the United States District Court for the District of South Carolina. The Defendant below, the Plaintiff in the instant case, is a citizen of the State of Florida, and a citizen of the State of South Carolina. The Defendant below, the Plaintiff in the instant case, maintains the following two residences as his addresses:  4133 Aqua Vista Drive, Pensacola, FL 32504, and 105 North Guignard Drive, Sumter, SC 29150.

## GROUNDS FOR REMOVAL

29.   The Plaintiffs below are *"Debt Collectors"* as defined by *FDCPA 15 U.S.C. § 1692a.*

30.   The Defendant below, the Plaintiff in the instant case, alleges that the Plaintiffs below have violated and continue to violate the Rights of the Defendant below as defined by *15 U.S.C. § 1692e(10), 15 U.S.C. § 1692g(a)(3),* and *15 U.S.C. § 1692g(a)(5) of the Fair Debt Collection Practices Act ("FDCPA"),* along with numerous other controlling legal authorities, to be cited in the Plaintiff's forthcoming *Memorandum of Law*, in support of Removal.

31.   *FDCPA 15 U.S.C. § 1692k(d)* states in part:  *"An action to enforce any liability created by this title may be brought in any appropriate United States*

*district court* *without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.* " (underline provided)

32.    The continuing and ongoing actions, in the proceedings below, have created liability by the Plaintiff below, and such liability has been created by violations of Rights of the Plaintiff (Defendant below) under *FDCPA*.

33.   Thus, the State Court action may be removed to this Court, by Plaintiff in accordance with the provisions of *28 U.S.C. § 1441(a)* because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Florida, Panama City Division.

## FILING OF REMOVAL PAPERS

34.    Pursuant to *28 U.S.C. § 1446(d),* written notice of the removal of this action will be promptly served to the Defendant, U.S. Bank, and a *Notice of Filing*, *Notice of Removal* will be filed with the Clerk of the Circuit Court in and for Escambia County, Florida.

35.    The Plaintiff, again, respectfully seeks an Extension of Time, in which to comply with the Federal Law found in *Title 28 U.S.C. § 1446,* to afford the Plaintiff time in which to attend the Hearing, regarding his pending *Petition for Writ of Mandamus,* which has been set for Hearing, by the Circuit Court Judge,

—13—

for Monday, February 20, 2017. Please see the attached **Exhibit C.**

**WHEREFORE**, the Plaintiff Prays for the following Relief from this

Honorable Court:

a.      The Plaintiff hereby Removes the above captioned action from the Circuit Court in and for Escambia County, Florida, and requests that further proceedings be conducted in this Court as provided by law;

b.      That this Honorable Court accepts and Dockets this, the Plaintiff's *Notice of Removal*, and its attached **Exhibits A-C**, and assigns these matters a Case Number, in accordance with the legal authorities cited herein, accepting all of the Plaintiff's averments as true and correct;

c.      That, based upon the facts and circumstances, included herein, that the Court **GRANTS** the Plaintiff an <u>Extension of Time</u>, in order to comply with the legal authorities, cited herein, in which to provide the Court with all the papers, pleadings, orders, etc., in the proceedings below. The Plaintiff would respectfully request the most lenient Extension of Time from the Court, in which to provide all the documents in accordance with the controlling legal authorities;

d.      That based upon the facts and circumstances, set forth by the Plaintiff herein, the Plaintiff is respectfully seeking the Leave of the Court, in which to Supplement this *Notice of Removal*, with a *Memorandum of Law*. The Plaintiff has conducted extensive legal research in these matters, and he respectfully submits that he will be able to assist the Court, with a *Memorandum of Law*. The Plaintiff respectfully seeks the consideration and understanding of the Court, in setting its deadline for the submission of the Plaintiff's Memorandum of Law;

e.      That this Honorable Court reviews this *Notice of Removal*, very liberally, accepting all of the Plaintiff's averments in a light most favorable to the Plaintiff. Upon such Review, if the Court needs Clarification, or anything else regarding these matters, that the Court issues an Order, which informs the Plaintiff of any deficiencies or directing the Plaintiff to provide information regarding any matters which may need Clarification;

—14—

f.     Any and all further Relief, that the Court deems fair, just, and appropriate, and in the interests of justice;

Respectfully submitted on this 14th day of February 2017

/s/  Robert Michael Ardis
Robert Michael Ardis, Plaintiff
4133 Aqua Vista Drive
Pensacola, FL 32504
(850) 454-5418
m_ardis@hotmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a true and correct of the foregoing, and its attached **Exhibits**, have been provided, via electronic mail to the Defendants (the Plaintiffs below), on this 14th day of February 2017.

/s/  Robert Michael Ardis
Robert Michael Ardis, Plaintiff