UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL ARDIS,

    Plaintiff,

v.                                                   Case No. 3:17cv115-MCR-CJK

U.S. BANK NATIONAL ASSOCIATION,

    Defendant,
_____/

## REPORT AND RECOMMENDATION

This mortgage foreclosure action is before the court on Defendant U.S. Bank National Association's ("U.S. Bank's") Motion to Remand (doc. 5) and the *pro se* Plaintiff's, Robert Michael Ardis's ("Ardis's"), response (doc. 15).[1] After reviewing the motion, supplemental pleadings, and response, the undersigned finds removal improper and recommends the matter be remanded.

---

[1] Although he is the defendant in the underlying state court action, Mr. Ardis designated himself plaintiff upon removal.

Case No. 3:17cv115-MCR-CJK

The case stems from Mr. Ardis' default under a $198,205 Note and Mortgage. U.S. Bank filed a complaint for foreclosure on February 23, 2012, in the First Judicial Circuit in and for Escambia County, Florida, and served Mr. Ardis with a copy on March 12.  More than 2 years later, on August 19, 2014, the state court entered a Consent Final Judgment of foreclosure and set the property for judicial sale on January 15, 2015.  Mr. Ardis filed several motions to delay the sale and eventually filed for bankruptcy.  The property nevertheless was sold on June 28, 2016.

Mr. Ardis removed the matter to this court on August 12, 2016 (doc. 1), purporting to invoke the court's federal question jurisdiction under 28 U.S.C. § 1331 based on a claim he asserted against U.S. Bank.  He also invoked diversity jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), and 28 U.S.C § 1446. U.S. Bank filed a motion to remand (doc. 5), arguing removal was untimely, as the 30-day period in which to remove the action expired more than 4 years before removal and, in any event, the case concluded upon entry of final judgment.  *See* 28 U.S.C. § 1446.  Even if the matter had been timely removed, U.S. Bank maintains, jurisdiction nevertheless is lacking because Mr. Ardis cannot create federal question jurisdiction by asserting a counterclaim or defense, and diversity jurisdiction is lacking because both parties are citizens of the state of Florida.  Finally, U.S. Bank

points out that not all defendants consented to removal, as required under 28 U.S.C. § 1446(b)(2)(A).

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C. § 1332. If a case over which the district courts have original jurisdiction is filed in state court, it may be removed to federal court.

Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The 30-day time period set forth in § 1446(b) is strictly construed. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand).

As the removing party, Mr. Ardis has the burden of demonstrating the court has jurisdiction over the matter.  *See, e.g., Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").  Removal jurisdiction is narrowly construed, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

Mr. Ardis does not dispute the notice of removal was filed more than 4 years after he was served with a copy of the complaint in the state court action.  He insists, however, the matter became removable under § 1446(b)(3) when U.S. Bank filed an unspecified "other paper," a copy of which he allegedly received on January 12, 2017.  Doc. 10 at pg. 26.  Mr. Ardis has not identified the "other paper" upon which he relies, much less demonstrated it rendered the matter removable under § 1446(b)(3).  He thus has not satisfied his burden with regard to the timeliness issue.

Moreover, the state court action had concluded at the time Mr. Ardis removed it.  As set forth above, a Consent Final Judgment was entered on August 18, 2014. *See* doc. 5-1.  Mr. Ardis mentions a pending appeal, but that appeal is to the Eleventh Circuit, in another case.  There is no indication Mr. Ardis filed an appeal in the underlying state court action, and U.S. Bank represented to the court that no appeal was pending at the time it filed its motion and the time in which to file an appeal had passed.

A case may be removed only if it remains pending in the state court from which it was removed. Once a final judgment is entered and the time to appeal has expired, the action has concluded and is no longer subject to removal. Courts have routinely found attempts to remove an action under such circumstances untimely and ineffective. *See Oviedo v. Hallbauer*, 655 F.3d 419, 423 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, n.8 (11th Cir. 1991) (suggesting removal may be improper when a final judgment has been entered and the time for appeal has expired); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."); *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court.").

Not only is removal untimely, but it is substantively improper, as federal question jurisdiction cannot be based on a defense or counterclaim. As this court has recognized, "there can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." *White v. Overgroup Consulting LLC*, 3:14CV402-MCR/EMT, 2015 WL 11110550, at n.3 (N.D. Fla. May 5, 2015) (internal quotations omitted); *see*

*Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) ("Under our precedent construing § 1331, as just explained, counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."). "In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). "Thus, to meet his burden, [Mr. Ardis] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.* He has failed to do so. He also has failed to establish diversity jurisdiction, as both parties are citizens of the state of Florida. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1371 (11th Cir. 1998).

Finally, Mr. Ardis did not allege, much less demonstrate, that the co-defendants named in the original state court action consented to removal. All defendants must consent to a removal; otherwise, removal is defective. 28 U.S.C § 1446(b)(2)(A); *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (stating "removal is proper only if all of the defendants consent").

For the reasons set forth above, removal is both untimely and improper. Jurisdiction thus plainly is lacking.

Accordingly, it is respectfully RECOMMENDED:

1. That U.S. Bank National Association's Motion to Remand (doc. 5) be GRANTED.

2. That all pending motions be DENIED as moot.

3. That this matter be remanded to the state court from which it was removed.

4. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 7th day of July, 2017.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.